UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI ANN MORIN,

       Plaintiff,                    CIVIL ACTION NO. 15-cv-11985

       v.                            DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF               MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Lori Ann Morin seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to Title II social security disability benefits under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 16). The matter was originally assigned to District Judge David M. Lawson and Magistrate Judge David R. Grand, but was subsequently reassigned to District Judge Sean F. Cox and the undersigned magistrate judge. (Docket no. 3, 18.) On February 23, 2016, Judge Cox referred the case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 19.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that the Court should GRANT Plaintiff's Motion for Summary Judgment (docket no. 15) and DENY Defendant's Motion for Summary

Judgment (docket no. 16), and REVERSE and REMAND the decision of the Commissioner for further proceedings in accordance with this Report and Recommendation.

## II.     PROCEDURAL HISTORY

On June 28, 2012, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging a disability beginning December 1, 2009.[1] (Tr. 151-159.) The Social Security Administration initially denied plaintiff's claim on September 17, 2012, and plaintiff requested a *de novo* hearing. (Tr. 95-111.) On September 16, 2013, plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge (ALJ) Jerome B. Blum. (Tr. 30-52.) In a November 26, 2013 decision, the ALJ found that plaintiff was not entitled to benefits because she was capable of performing her past relevant work. (Tr. 15-29.) The Appeals Council declined to review the ALJ's decision (Tr. 1-4), and plaintiff commenced this action for judicial review. (Docket no. 1.)

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Defendant (docket no. 16 at 2-5) and the ALJ (Tr. 21-25) each set out a detailed, factual recitation with regard to plaintiff's medical record and the hearing testimony. Having conducted an independent review of plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, the undersigned will incorporate the factual recitations by reference. Additionally, the undersigned will include comments and citations to the record as necessary throughout this Report and Recommendation.

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

---

[1] As discussed more thoroughly herein (*supra* at Section 5C), plaintiff filed previous applications for Title II and Title XVI benefits, on September 15, 2006 and March 20, 2007, respectively, which were both denied.

The ALJ found that plaintiff had not engaged in substantial gainful activity during the period from her amended alleged onset date of December 12, 2009 through her last date insured of December 31, 2011. (Tr. 21.)  Next, the ALJ concluded that through her last date insured, plaintiff had the following severe impairments: hypertension, hyperthyroidism (20 CFR § 404.1520(c)). (*Id*.)  Further, through the last date insured, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR, Subpart P, Appendix 1.  (*Id*. at 22.)  The ALJ then found that plaintiff had the residual functional capacity ("RFC") to perform unskilled light work as defined in 20 CFR § 404.1567(b).  (*Id*.)  The ALJ then determined that plaintiff was capable of performing her past relevant work as this work did not require the performance of work-related activities precluded by her RFC.  (*Id*. at 25.)  The vocational expert classified plaintiff's past relevant work as being stock retail, which was unskilled in nature and performed at the light exertional level.  (*Id*.)  The ALJ also determined that plaintiff was capable of performing other jobs in the national economy.  (*Id* at 25-26.)  Subsequently, in reliance on the VE's testimony, the ALJ determined that based on claimant's age, education, work experience, and RFC, plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.  (Tr. 26.)  Therefore, the ALJ found that plaintiff was not disabled under the Social Security Act at any time from December 12, 2011, the amended alleged onset date, through December 31, 2011, the last date insured.  (*Id*.)

## V.     LAW AND ANALYSIS

### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining

whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

  **B.**  **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) The impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If plaintiff's impairments prevented plaintiff from doing past work, the Commissioner, at step five, would consider plaintiff's RFC, age, education, and past work experience to determine if plaintiff could perform other work. If not, plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.    Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six

5

remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed for an award of benefits or, alternatively, for further proceedings under sentence four because: (1) the ALJ here (ALJ Blum) failed to properly adopt the prior ALJ's (ALJ McKay's) findings regarding plaintiff's learning disability; (2) the ALJ failed to provide a complete RFC; and (3) the ALJ failed to properly weigh the medical restrictions provided by the treating physician. (Docket no. 15 at 6-12.)

In *Drummond*, the Sixth Circuit held that social security claimants and the Commissioner are barred by principles of res judicata from litigating issues that have previously been determined. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). The Commissioner is therefore bound by the principles of res judicata unless there is new and material evidence of changed circumstances. *Id.* at 842; SSAR 98-4(6). The Commissioner may not offer proof of just any change in circumstance; rather, for the Commissioner to successfully argue that the effects of res judicata do not apply, there must be proof showing that the claimant's condition has improved. *McClain v. Comm'r,* No. 12-11172, 2013 WL 5182089, at *9 (E.D. Mich. Sept. 13, 2013). Thus, without evidence of improvement, a prior disability determination is binding on an ALJ in a subsequent proceeding. *Drummond*, 126 F.3d at 842-43 ("It is apparent that substantial evidence was not introduced that [the claimant's] condition

improved significantly between the two hearing dates.  As a result, we conclude that the second ALJ was bound by the determination that [the claimant] retained the RFC for sedentary work."). Conversely, where a claimant who has previously been adjudicated "not disabled" seeks to avoid application of res judicata, he must provide proof that his condition has worsened since the date of the prior decision to such a degree that he is no longer capable of engaging in substantial gainful activity.  *See Vesey v. Comm'r*, No. 11-10967, 2012 WL 4475657, at *10 (E.D. Mich. Aug. 6, 2012).

 Here, plaintiff filed a previous Title II application on September 15, 2006 and a Title XVI application on March 20, 2007.  In both applications, plaintiff had alleged disability beginning January 19, 2006.  Both applications were initially denied, and resulted in a hearing held on June 17, 2009.  On November 3, 2009, administrative law judge Patricia S. McKay issued a decision denying benefits to the plaintiff and the Appeals Council later denied plaintiff's request for review.  (Tr. 53-66, 67-71.)  The plaintiff then commenced an action for judicial review with this court and plaintiff's complaint was subsequently dismissed.  (Tr. 72-94.)  Since a prior decision was issued, the ALJ rightly acknowledged the necessity of examining the issue of *res judicata*. In this regard, the ALJ concluded that the time period from January 19, 2006 through November 3, 2009, had already been adjudicated in the previous decision, and he was bound by those prior findings.  (Tr. 19.)  Furthermore, the ALJ concluded that "there has been no new and material evidence relating to the previous findings, nor has there been any change in the law, regulations, or rulings affecting the finding or the method for arriving at the finding."  (*Id.*)  Therefore, the ALJ determined that the principles of *res judicata* dictated that he only evaluate the case from November 4, 2009 forward.  (*Id.*)

The Commissioner concedes that ALJ Blum erred when he failed to adopt the findings in ALJ's McKay's prior decision absent new and material evidence. AR 98-4(6); 1998 WL 283902, at *3. Specifically, ALJ McKay concluded that plaintiff had four severe impairments: obesity, learning disabled, hypothyroidism, and hypertension. (Tr. 59.) ALJ McKay concluded that plaintiff had the RFC to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional climbing of stairs and/or ramps, crouching, crawling, kneeling, or stooping/bending; no climbing of ropes, ladders or scaffolds; avoiding work where the rate of pay is determined by the quantity produced (i.e. production line work); with no more than occasional contact with the general public, coworkers or supervisors; and which is simple in nature and does not require sustained concentration and focus.

(Tr. 62.) ALJ McKay also concluded that plaintiff was unable to perform her past relevant work as a file clerk and in retail sales. (Tr. 64.) In contrast, ALJ Blum concluded that plaintiff only had the following severe impairments: hypertension, hyperthyroidism. (Tr. 21.) ALJ Blum also concluded that plaintiff had the RFC to perform unskilled light work. (Tr. 22). Light work as defined in 20 CFR § 404.1567(b) involves:

> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The Commissioner argues that any error that the ALJ committed is harmless because plaintiff is not capable of showing any deterioration in her condition that would change ALJ

Blum's finding at Step Five of the sequential analysis that other jobs exist in the national economy that plaintiff is still capable of performing. This court disagrees. For one, ALJ McKay specifically concluded that plaintiff was not capable of performing her past relevant work in stock retail, therefore, ALJ Blum's conclusion that plaintiff could perform this past relevant work runs contrary to the holding in *Drummond*. Indeed, the Commissioner concedes that ALJ Blum failed to adopt ALJ McKay's conclusion regarding plaintiff's past relevant work and instead focuses on ALJ Blum's alternative finding that plaintiff could perform other work existing in significant numbers in the national economy. On this point, ALJ McKay concluded that based on vocational expert testimony, plaintiff remained able to do work existing in significant numbers in the national economy (Tr. 65-66) and, according to Commissioner, this court has already found this conclusion supported by substantial evidence. *See Morin v. Comm'r of Soc. Sec.*, 10-13040, 2012 WL 1004790, at *7-8 (E.D. Mich. Jan. 26, 2012), *aff'd*, 2012 WL 1004787 (E.D. Mich. Mar. 26, 2012). As discussed above, ALJ Blum failed to adopt ALJ McKay's factual findings despite no new and material evidence. The Commissioner argues that ALJ Blum's alternate finding that plaintiff could perform other work proves that any error is harmless. However, it is well-settled in this court that "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r*, 594 F.3d 504, 516 (6th Cir. 2010). As the Commissioner has conceded that ALJ Blum did not adopt the factual findings of ALJ McKay, including two Step Two findings regarding severe impairments that were not adopted by the ALJ or, as a result, incorporated into the hypothetical questions to the vocational

9

expert, a remand is necessary to allow an ALJ to re-evaluate plaintiff's RFC and take additional vocational testimony, if necessary.

Because the undersigned has concluded that a remand is appropriate, it is not necessary to review plaintiff's additional arguments at this time.

## VI.    CONCLUSION

For the reasons stated herein, the Court should GRANT Plaintiff's Motion for Summary Judgment (docket no. 15) and DENY Defendant's Motion for Summary Judgment (docket no. 16), and REVERSE and REMAND the decision of the Commissioner for further proceedings in accordance with this Report and Recommendation.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 8, 2016                     s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: July 8, 2016                     s/ Lisa C. Bartlett
                                                      Acting in the absence of Lisa Bartlett
                                                      Case Manager